UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANA QUINONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-10120-JGD |
| UNITED STATES POSTAL SERVICE, | ) | |
| HALINA D. MITURA and MITURA | ) | |
| FISHING CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON MOTION OF**
**UNITED STATES POSTAL SERVICE FOR SUMMARY JUDGMENT**

January 17, 2013

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Ana Quinones, was injured in a motor vehicle accident on June 5, 2009 when she was passing a United States Postal Service ("USPS") truck on the left, and her vehicle collided with a car driven by the defendant Halina Mitura, which was owned by the defendant Mitura Fishing Corporation. This matter is presently before the court on the "Defendant United States Postal Service's Motion for Summary Judgment." (Docket No. 31). By this motion, USPS is seeking summary judgment in its favor on the plaintiff's negligence claim (Count I).

For the reasons detailed herein, the record is insufficient to establish that the defendant was not negligent as a matter of law. That issue will have to be decided by a

fact-finder after further development of the record. Therefore, the motion for summary judgment is DENIED.

## II. STATEMENT OF FACTS

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party. See Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008). Accordingly, the following is a description of the facts as viewed in favor of the plaintiff.

The accident occurred at approximately 2:30 p.m. on June 5, 2009 on the Mill River Plaza access road in Taunton, Massachusetts. The USPS truck, driven by Robert Neal, was stopped on the far right side of the street in the fire lane on the access road. Ms. Quinones came up behind the truck. Because the truck was not moving, Ms. Quinones began to pass it on the left at which point the USPS truck suddenly began to pull out into traffic. Ms. Quinones hit her horn and, when the driver did not stop, she swerved away from the truck to the left, into oncoming traffic. The left side of Ms. Quinones' car struck the driver's side mirror and rear left bumper of an oncoming truck being driven by Ms. Mitura.

USPS contends that Ms. Quinones had time to avoid the accident and that it was her conduct, not the actions of the driver of the postal truck, that caused the accident. Ms. Quinones contends that the USPS driver was negligent first in parking in a fire lane, in violation of a state statute, and second in pulling out into traffic without looking.

## III. ANALYSIS

A. **Summary Judgment Standard of Review**

Summary judgment is appropriate when the moving party shows, based on the discovery and disclosure materials on file, and any affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]n issue is 'genuine' if it 'may reasonably be resolved in favor of either party.'" Vineberg, 548 F.3d at 56 (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). "A fact is material only if it possesses the capacity to sway the outcome of the litigation under the applicable law." Id. (quotations, punctuation and citations omitted).

The moving party bears the initial burden of establishing that there is no genuine issue of material fact. See Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). If that burden is met, the opposing party can avoid summary judgment only by providing properly supported evidence of disputed material facts that would require trial. LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018, 114 S. Ct. 1398, 128 L. Ed. 2d 72 (1994). "[T]he nonmoving party 'may not rest upon mere allegation or denials of his pleading,'" but must set forth specific facts showing that there is a genuine issue for trial. Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). The court must view the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. See Vineberg, 548 F.3d at 56. "If, after viewing the record in the non-moving party's favor, the Court determines that no genuine

issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." Walsh v. Town of Lakeville, 431 F. Supp. 2d 134, 143 (D. Mass. 2006).

### B. Defendant's Alleged Negligence

"Negligence, without qualification and in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances." Carroll v. Bouley, 338 Mass. 625, 627, 156 N.E.2d 687, 689 (1959) (internal quotation omitted).  A driver owes others the duty to operate a motor vehicle "in a reasonably careful and prudent manner" and, "within the bounds of ordinary care," "to anticipate and provide against what usually happens and what is likely to happen[.]" Buda v. Foley, 302 Mass. 411, 413, 19 N.E.2d 537, 538 (1939) (internal quotations omitted).  "Because of the jury's unique competence in applying the reasonable man standard, summary judgment is rarely appropriate with respect to the merits of a negligence case." Appleby v. Daily Hampshire Gazette, 395 Mass. 32, 36, 478 N.E.2d 721, 724 (1985) (internal quotation omitted).  There is no reason to deviate from this norm in the instant case.

The mere happening of a collision, "without evidence of the circumstances under which it happens is not proof of the negligence of the operator of either vehicle, and the rule of *res ipsa loquitur* does not apply[.]" Frazier v. Cordialino, 356 Mass. 465, 466,

253 N.E.2d 843, 844 (1969).  Similarly, evidence that a party violated a safety statute or ordinance is "but evidence of negligence" and does not establish *per se* liability.  <u>Perry v. Medeiros</u>, 369 Mass. 836, 841, 343 N.E.2d 859, 862 (1976) (internal quotation omitted).  This court is not prepared to rule that, as a matter of law, it was not negligent of the USPS driver to pull out into the travel lane when he did, or that it was negligent for the plaintiff to swerve to the left instead of stopping when she noticed that the USPS truck was moving.  In this case, it should be up to the jury to determine if "the negligent act of the defendant set in motion a train of events which, unbroken by any new cause, continued as an operative factor down to the time of the accident and was the proximate cause of it."  <u>Demeo v. State Farm Mut. Auto. Ins. Co.</u>, 38 Mass. App. Ct. 955, 957, 649 N.E.2d 803, 804-05 (1995) (internal quotation omitted).  "A court should not grant a party's motion for summary judgment merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial."  <u>Foley v. Matulewicz</u>, 17 Mass. App. Ct. 1004, 1005, 459 N.E.2d 1262, 1262 (1984) (internal quotation omitted).

## IV.  ORDER

For the reasons detailed herein, "Defendant United States Postal Service's Motion for Summary Judgment" (Docket No. 31) is DENIED.

                                               / s / Judith Gail Dein
                                               Judith Gail Dein
                                               United States Magistrate Judge